In the Matter of Proving the Alleged Last Will and Testament of
            DAN SMALL, Deceased.

ADAM WALRATH, the Executor Named in the Last Will and Testament of DAN SMALL, Deceased, Appellant; JOAB SMALL and Others, Respondents.

*Undue influence in the making of a will — when the relation of physician and patient between the sole beneficiary and the testator does not establish it.*

The fact that the sole beneficiary under a will is the physician of the deceased, who was survived by two uncles, an aunt and two cousins, and whose estate amounted to about $7,500, is by no means conclusive that the will was the result of undue influence exercised by the physician.

APPEAL by Adam Walrath, the executor named in the last will and testament of Dan Small, deceased, from a decree of the Surrogate's Court of Montgomery county, entered in said Surrogate's Court on the 2d day of May, 1904, refusing to admit to probate a certain instrument purporting to be the last will and testament of Dan Small, deceased.

Daniel Small died on November 2, 1903, at the age of about forty years. He left a last will and testament, by which he gave all his property to Dr. Adam Walrath to the exclusion of all his relatives, and named him as the sole executor thereof. The only relatives he left surviving him were two uncles, one aunt and two cousins, and his estate amounted to about $7,500. Two of such uncles, Joab and Matthew Small, and the aunt filed objections to the probate of such will, wherein they claimed that the alleged will was not his free and voluntary act; that it was not subscribed and published and executed in conformity with the requirements of the statute, that, if made by decedent, it was made under duress,

threats and force, and as the result of a conspiracy and by parties who conspired together to compel or improperly induce the said decedent to make and execute the paper as his will; that said paper was made and signed at a time when deceased was not in his right mind, and that when he executed it, said deceased was not of sound mind and memory and competent to make a valid will. After a hearing before the surrogate of Montgomery county, he found as a fact that all such objections so filed had been proved and sustained, and refused probate to the will. From the decree then entered, this appeal is taken by Adam Walrath, the said executor.

*Edward R. Hall* and *N. J. Herrick*, for the appellant.

*H. V. Borst*, for the respondents Small.

PARKER, P. J.:

The refusal of the surrogate to admit this will to probate is evidently based upon the theory that the testator was under the influence of Dr. Walrath at the time he made it, and that owing to his mental incapacity, he has been unduly influenced in the doctor's favor, to the unjust exclusion of his own relatives. The objections that the paper was not executed in due form, and that the deceased was under duress, threats or force when he so executed it, are clearly not proven. As to the other question, that it was brought about by "undue influence," I am not at all satisfied that the conclusion of the surrogate is correct.

Undoubtedly the deceased was an unusually eccentric character, and undoubtedly his mental powers were more or less weakened; but whether such powers were sufficient to enable him to understand and appreciate the amount and condition of his property, and to comprehend the nature and consequences of his act in executing such paper as his will, is not so clear. It is to be noticed that there is no evidence of any direct effort on the part of any one to induce him to dispose of his property to Dr. Walrath. It is not shown that any one urged him to execute the paper in question, and how far that act on his part was the result of outside influences is, in my judgment, a question of considerable doubt, and one requiring very careful consideration. I am not unmindful that the sole beneficiary under this will was the physician of the deceased, and, therefore,

one who stands in a confidential relation to the deceased ; but that is by no means conclusive that the will in question was executed by reason of undue influence on his part. (*Matter of Cornell*, 43 App. Div. 241 ; affd., 163 N. Y. 608.) And in view of the evidence in this case concerning the part which the deceased himself took in procuring the witnesses to the will, in the knowledge which he actually possessed concerning the contents of the will and its effect, and in view of the fact of the avowed purpose of the deceased to leave his property to others than his relatives, and of the years of estrangement between himself and them, it can hardly be said that such relation, alone, raised a presumption even of undue influence. (*Matter of Spratt*, 4 App. Div. 5, and cases there cited.) I am of the opinion that the question of the testamentary capacity of the deceased, and of undue influence on the part of the beneficiary, should receive the careful consideration of a jury, and to that end the decree of the surrogate should be set aside.

All concurred.

Decree of the surrogate of Montgomery county reversed upon the facts and the issues ordered to be tried by a jury at the next Trial Term of the Supreme Court in the county of Montgomery, with costs of appeal to abide the event of the new trial. The material questions to be submitted to the jury upon such trial are :

*First.* At the time of the making of the alleged will did Daniel Small understand the nature and extent of his property and the nature and quality of the claims to his bounty of his heirs and next of kin and of any other person ?

*Second.* Was the will procured through undue influence exercised upon the said Daniel Small, either by or in behalf of Adam Walrath, the beneficiary named in the will ?